UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OPERATING ENGINEERS LOCAL 139
HEALTH BENEFIT FUND,

CENTRAL PENSION FUND OF THE
INTERNATIONAL UNION OF OPERATING
ENGINEERS AND PARTICIPATING EMPLOYERS,

WISCONSIN OPERATING ENGINEERS
SKILL IMPROVEMENT AND
APPRENTICESHIP FUND,

JOINT LABOR MANAGEMENT WORK
PRESERVATION FUND,

TERRANCE E. MCGOWAN, as a Trustee of said Funds, and

INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 139, AFL-CIO,

        Plaintiffs,

    v.                                                      Case No. 07-C-211

GREAT LAKES EXCAVATING, INC.,
a Wisconsin corporation,

        Defendant.

---

**DECISION AND ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

---

**I. BACKGROUND**

On March 5, 2007, this action was commenced when the plaintiffs, a group of employee welfare benefit plans hereinafter referred collectively as "the Funds," filed a complaint against the defendant, Great Lakes Excavating, Inc. ("Great Lakes"), pursuant to the provisions of 29 U.S.C. §§ 1132 and 1145, and 29 U.S.C. § 185, claiming that Great Lakes had "failed to make payment of contributions, liquidated damages, interest, and audit fees based upon an audit of the Defendant's payroll records showing Defendant to have been delinquent in the payment of contributions and to have reported hours worked by its Employees incorrectly to Plaintiffs." (Comp. ¶ 7.) Great Lakes

answered the complaint and discovery was undertaken by the parties. On December 20, 2007, the plaintiffs filed a motion for summary judgment. On January 21, 2008, the defendant filed its response, and on February 26, 2008, the plaintiffs filed their reply. Thus, the plaintiffs' motion for summary judgment is fully briefed and is ready for resolution. For the reasons which follow, the plaintiffs' motion will be granted.

A review of the plaintiffs' Civil Local Rule 56.2 statement of undisputed facts and the defendant's response thereto demonstrate the facts set forth in the following paragraph (meager though they be) to be undisputed:

Great Lakes is a party to a collective bargaining agreement with Local 139 of the International Union of Operating Engineers, AFL-CIO. Pursuant to the terms of the collective bargaining agreement, Great Lakes is obligated to submit Monthly Remittance Reports to the Funds that indicate the amount of hours worked by its employees who perform work under the scope of the agreement during the preceding month. In addition, Great Lakes is to report on those same forms the corresponding amount of fringe benefit contributions due, if any, to the Funds. The Monthly Remittance Reports are due to the Funds on the 15th day of the month following the month the work was performed.

Where the parties part ways is with respect to the amount of money that is owed by Great Lakes to the plaintiffs. In their motion for summary judgment, the plaintiffs initially claimed that they were entitled to judgment for the following amounts: Contributions - $32,240.84; Delinquent Payment Assessments - $19,574.38; Interest - $6,512.37; Total: $58,327.59. However, along with their reply brief the plaintiffs filed a stipulation which had been executed by the parties stating that "[a]s of this date, February 21, 2008, Defendant had paid all contributions due through the work month of September 2007." (Pl's Reply Br. Ex. A.) Thus, the only issue for this court to resolve is whether the plaintiffs are entitled to summary judgment on their claim that they are owed delinquent

2

payment assessments in the amount of $19,574.38 and interest in the amount of $6,512.37, for a total of $26,086.75, plus attorneys' fees and costs.

The defendant "does not deny that it is a party to the agreement and owes the Funds some money. It does, however, dispute the amount which the plaintiffs claim." (Def's Br. at 1.) Unfortunately, the defendant does not set forth what it claims *is* the proper amount it should be ordered to pay the plaintiffs. Instead, it merely finds fault with the plaintiffs' damage calculation. In that regard, Great Lakes asserts,

> First and foremost, Great Lakes (or others on its behalf) have paid more to the Funds than Ms. DeBattista's affidavit states. She asserts that "[s]ince the lawsuit was filed, $52,516.26 has been received by the Funds for payment of contributions owed by Great Lakes" and the Funds have an additional payment of $19,230.00 to apply. (These total $71,746.26.) . . . By Great Lakes' calculation, the actual amount paid by it or on its behalf is $91,255.43.

(Def's Br. at 2.)

Secondly, Great Lakes argues that the Funds failed to apply all of the payments in the manner directed by Great Lakes, with the result that the Funds' accounting for unpaid contributions, liquidated damages, and interest is "inaccurate and not reliable." (Def's Br. at 3.) More precisely, Great Lakes argues that Great Lakes

> made payments designated to pay in a timely fashion current months, so as to avoid claims for interest and penalties going forward. However, when [the defendant] attempted to do so, the fund administrators would not apply the payments as directed and instead, applied them to past due obligations, creating a situation where [the defendant] would be continually subject to claims for 20% late payment penalties, which is a substantial part of this lawsuit.

(Def's Br. at 3.) According to the defendant, "[t]he Funds were not entitled to do this when they had contrary instructions from Great Lakes." (Def's Br. at 3.) Once again, according to the defendant, "the plaintiffs' accounting is flawed because they have failed to apply payments received as Great Lakes has directed them to do." (Def's Br. at 4.)

3

Moreover, the defendant asserts that the plaintiffs are not entitled to liquidated damages of 20% every time a contribution report is late or monthly interest of 1 ½ %. This is because there is no evidence that the trustees of the funds authorized such assessments. Furthermore, "the interest rate is not appropriate for the pension fund." (Def's Br. at 4.) As to the latter point, the defendant asserts that "the exhibits to Ms. DeBattista's affidavit do appear to support her assertion that interest at the rate of 1 ½ % per month has been authorized for the Health and Skill funds . . . , but they do not do so for the Pension Fund." (Def's Br. at 5.)

Finally, the defendant argues that

> the Funds have failed to cooperate with Great Lakes to obtain timely payments from third parties, thus, obviously, causing Great Lakes to incur what should have been avoidable penalties and interest. . . [T]he plaintiffs frustrated Great Lakes' ability to stay on track with its payments by failing to cooperate in obtaining the release of funds from Great Lakes' customers. The plaintiffs have caused Great Lakes to be placed on a "delinquency list" circulated among major contractors in the Milwaukee metropolitan area. The effect of this was that major contractors, such as C.G. Schmitt, would not disburse money due Great Lakes Excavating until and unless it obtained releases from the plaintiff funds. On multiple occasions, . . . the plaintiffs would delay providing the paperwork required to obtain a release of funds, with the result that substantial amounts of money could not be applied to satisfy the union contributions on a timely basis.

(Def's Br. at 6.) The defendant concludes by asserting that, as a consequence of the problems set forth above, the plaintiffs' damage calculation, i.e., the grand totals that remain due according to Ms. DeBattista's affidavit, is "flawed, and the plaintiffs are not entitled to summary judgment for [the amount that they seek]." (Def's Br. at 6-7.)

In reply, the plaintiffs argue that the defendant's arguments are inadequate to thwart their motion for summary judgment. First of all, the Funds assert that Great Lakes' response to their proposed statement of undisputed fact number 5 is "tantamount to an admission of Paragraph 5. Defendant's equivocation that it is unable to agree or disagree cannot be a denial." (Pl's Reply Br. at 2.) Moreover, the Funds argue that they "set forth their exact dollar amounts for what they claim

4

in delinquent payment assessments and interest in Paragraph 8 of their Undisputed Statement of Material Facts." (Pl's Reply Br. at 2.) Yet, in its response thereto the defendant "does not address plaintiffs' calculation of the amount of delinquent payment assessments or interest." (Pl's Reply Br. at 2.) In its response to number 8, the defendant agrees that it owes some money to the plaintiffs, but denies that the amounts claimed by the Funds are correct. However, the defendant does not set forth what the correct amount is.

## II. DISCUSSION

A district court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note to 1963 amendment). "Summary judgment is not appropriate 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing a properly supported summary judgment motion "may not rest upon the mere allegations or denials of the adverse party's pleading" but rather must introduce affidavits or other evidence to "set forth specific facts showing that there is a genuine issue for trial."

Fed. R. Civ. P. 56(e); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). To state it differently, "[a] party will be successful in opposing summary judgment only when they present definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000) (quoting *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997)).

To determine whether a genuine issue of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003) (quoting *Anderson*, 477 U.S. at 255). "'In the light most favorable' simply means that summary judgment is not appropriate if the court must make 'a choice of inferences.'" *Draghi v. County of Cook*, 184 F.3d 689, 691 (7th Cir. 1999) (quoting *Smith*, 129 F.3d at 425). "The evidence must create more than 'some metaphysical doubt as to the material facts.'" *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001) (quoting *Johnson v. Univ. of Wis.-Eau Claire*, 70 F.3d 469, 477 (7th Cir. 1995)). A mere scintilla of evidence in support of the nonmovant's position is insufficient. *Id.* (citing *Anderson*, 477 U.S. at 252).

Once again, that Great Lakes owes (or at least owed) the plaintiffs some money is undisputed. It is only whether the defendant owes the plaintiffs delinquent payment assessments and interest (and in what amounts) that seems to be disputed. However, as noted by the plaintiff,

> Defendant's response to paragraph 8 [which sets forth the grand totals claimed by the Funds to be owed to them] was, "Disagree. See response to ¶7 above." But Defendant's response to Paragraph 7 does not address plaintiffs' calculation of the amount of delinquent payment assessments or interest. It states in relevant part:
>
> > Furthermore, Fund Administrators have refused to apply payments as directed by Great Lakes and some of the penalties claimed by the Funds would have been avoided if they had applied the payments as Great Lakes directed.
>
> Defendant's reference to paragraph 7 does not address how Plaintiffs' calculations of delinquent payment assessments or Plaintiffs' calculations of interest are incorrect. Defendant does implicitly acknowledge that some penalties remain due. Defendant's

6

> disagreement, however, with Plaintiffs' calculations of the amounts due is unsupported by specific facts. Defendant merely states that it would have avoided some of the assessments if Plaintiffs had applied the payments as it directed. But what those amounts are is not part of the evidentiary record and Defendant avoids answering the question of what it would have owed if the Plaintiffs had applied the payments as it directed.

(Pl's Reply Br. at 2-3.) Moreover, and as the plaintiffs assert, "Great Lakes does not set forth any specific facts as to when it directed plaintiffs to apply payments, how much in contributions it wanted to apply or even to what fund." (Pl's Reply Br. at 5.)

The plaintiff is correct. The defendant does not set forth what it claims to be the correct amount of delinquent payment assessments or interest payments that it owes the Funds. Instead, the defendant seems to merely argue that the amount claimed by the Funds is incorrect. But, taking such a position is insufficient to create a genuine issue of material fact. Indeed, it leaves the court with nothing but the plaintiffs' financial figures to consider.

To be sure, in her affidavit Abby Bruckner avers, *inter alia*, as follows:

> During 2007, Great Lakes did fall behind on some of its monthly contributions, but in an effort to rectify the situation I, on behalf of the company made payments designated to pay in a timely fashion current months, so as to avoid claims for interest and penalties going forward. However, when I attempted to do so, the fund administrators would not apply the payments as directed and instead, applied them to past due obligations, creating a situation where I would be continually subject to claims for 20% late payment penalties, which is a substantial part of this lawsuit.

(Bruckner Aff. ¶ 7.) However, nowhere does Bruckner or any other representative of the defendant provide even a ballpark estimate of what is the correct amount of delinquent payment assessments or interest to which Great Lakes should be subjected.

Moreover, the defendant argues that "nothing in [Ms. DeBattista's] affidavit establishes that the trustees of the funds have authorized [delinquent payment assessments at the rate of 20% and simple interest at the rate of 1 ½ % per month]." (Def's Br. at 4.) I disagree. Attached to Ms. DeBattista's affidavit are copies of documents which support the authority for the Funds to assess

7

simple interest at the rate of 1 ½% per month and delinquent payment assessments at the rate of 20% of the contributions due.[1] And besides, the defendant has once again not presented any evidence to counter Ms. DeBattista's averments.

In sum, and as previously stated, a party opposing a properly supported summary judgment motion "may not rest upon the mere allegations or denials of the adverse party's pleading" but rather must introduce affidavits or other evidence to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Aside from broadly arguing that the plaintiffs' numbers are wrong, the defendant has not produced any evidence to show precisely how they are wrong or what the correct numbers should be. Such being the case, the court believes that it has no choice but to enter judgment in favor of the plaintiffs.

**NOW THEREFORE IT IS ORDERED** that the plaintiffs' motion for summary judgment be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that judgment be entered in favor of the plaintiffs and against the defendant in the amount of $26,086.75, plus attorneys' fees and costs.

**SO ORDERED** this 14th day of March, 2008, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

---

[1] The Seventh Circuit's decision in *Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp.*, 258 F.3d 645 (7th Cir. 2001), supports the proposition that the application of such rates is within the law.